UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE HUMBERT,

    *Plaintiff,*

v.                                            Case No. 2:05-cv-234
                                                    HON. R. ALLAN EDGAR

MARIE JORDAN, et. al.,

    *Defendants*.
_____/

## MEMORANDUM AND ORDER

Plaintiff Eugene Humbert, a state prisoner in the custody of the Michigan Department of Corrections, brings this civil rights action under 42 U.S.C. § 1983. Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56. [Doc. No. 28]. Magistrate Judge Timothy P. Greeley has submitted a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1 [Doc. No. 47]. The Magistrate Judge recommends that the defendants' motion for summary judgment be granted and that the plaintiff's complaint be dismissed with prejudice.

Plaintiff has not timely filed an objection to the report and recommendation. After reviewing the record, the Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b) with one exception. The third sentence in the second full paragraph on page 5 of the report and recommendation states: "Liability under Section 1983 must be based on some active constitutional behavior." The use of the word "constitutional" in this particular sentence is an inadvertent typographical mistake. Instead of "constitutional," the correct word is "unconstitutional." *See Salephour v. University of Tennessee*, 159 F. 3d 199, 206 (6th Cir. 1999); *Leach v. Shelby County Sheriff*, 891 F. 2d 1241, 1246 (6th

Cir. 1989).

Accordingly, the defendant's motion for summary judgment [Doc. No. 11] is **GRANTED** pursuant to Fed. R. Civ. P. 56. The plaintiff's complaint shall be **DISMISSED WITH PREJUDICE** in its entirety as to all defendants.

The Court further concludes that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F. 3d 601, 611 (6th Cir. 1997). The Court discerns no good-faith basis for an appeal. Should the plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three strikes" rule of 28 U.S.C. 1915(g). If he is so barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A separate judgment will be entered.

SO ORDERED

Dated: August 23, 2006.            */s/ R. Allan Edgar*
                                                              R. ALLAN EDGAR
                                          UNITED STATES DISTRICT JUDGE